IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Susan C. Earley, | : | |
| Plaintiff, | : | |
| v. | : | Case No. 2:05-cv-0835 |
| United Airlines, et al., | : | MAGISTRATE JUDGE KEMP |
| Defendants. | : | |

ORDER

On April 21, 2006, defendant United Airlines filed a motion to dismiss for failure to prosecute pursuant to Fed.R.Civ.P. 41(b). According to the motion, plaintiff Susan Early failed to comply with this Court's established deadlines and United Airline's attempt to conduct discovery. In response, Ms. Early claims that because of a lack of communication between her and counsel, those deadlines were not met.

In order for a court to dismiss a case for failure to prosecute pursuant to Fed.R.Civ.P. 41(b), the court must conclude that the non-moving party: (1) acted in bad faith; (2) prejudiced the moving party; and (3) was warned that failure to cooperate could lead to dismissal. See, e.g., Knoll v. American Tel. & Tel. Co., 176 F.3d 359, 363 (6th Cir. 1999). Additionally, a court is to consider whether less drastic sanctions could be imposed before dismissal. Id. "Although no one factor is dispositive, dismissal is proper if the record demonstrates delay or contumacious conduct." Id.

According to the record and Ms. Early's response to this motion, communication has been reestablished between Ms. Early and counsel, and this case is proceeding pursuant to this Court's deadlines. Further, the record reflects that Ms. Early has

responded to United Airline's discovery requests.  Based on these actions, it does not appear that Ms. Early is acting in bad faith, nor are there any allegations that United Airlines have been prejudiced by Ms. Early's delayed responses.  Accordingly, United Airline's motion to dismiss for failure to prosecute (doc. #21) is DENIED.

                                    /s/ Terence P. Kemp
                                    United States Magistrate Judge